832 So.2d 1257 (2002)
Jimmy Earl ARON, Appellant,
v.
Sandra B. ARON, Appellee.
No. 2001-CA-01080-COA.
Court of Appeals of Mississippi.
December 17, 2002.
*1258 T. Swayze Alford, Oxford, attorney for appellant.
Cliff R. Easley, Bruce, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Jimmy and Sandra Aron were granted a divorce after a brief marriage. In arriving at an equitable distribution of the parties' property, the chancellor awarded Sandra the two parcels of real property that were agreed to be marital assets. Mr. Aron on appeal claims that the chancellor erred in classifying property acquired after the parties' separation as marital, in awarding all stipulated marital property to his former wife, and also in failing to consider the factors that the Supreme Court has required be examined in making such a distribution. We agree that the chancellor failed to make adequate findings and reverse for that reason.

STATEMENT OF FACTS
¶ 2. Jimmy and Sandra Aron were married in late December 1997 and separated in October 1999. The final judgment granting divorce was entered in May 2001 after a trial to adjudicate the parties' property rights. Prior to trial, an order was entered reflecting the parties' stipulations to certain facts, as well as identifying those assets in contention. One agreement by the parties was that two parcels of real estate in Yalobusha and Grenada Counties were jointly owned and marital property.
¶ 3. The trial court found that all real estate purchased after the 1997 marriage was marital property subject to an equitable distribution. Mrs. Aron was awarded the lands in Yalobusha and Grenada counties. She was awarded all personal property in her possession, fifteen head of cattle, and a rehabilitative alimony award of $750 monthly for eighteen months. She also received approximately $750 in attorney's fees. Mr. Aron received all other parcels of real estate purchased during the marriage as well as all personal property in his possession. This is his appeal.

DISCUSSION
¶ 4. Mr. Aron focuses on two issues: whether the chancellor erred in classifying certain property as marital, and whether the chancellor committed reversible error in failing to make findings of fact as the Supreme Court has required in Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994).
1. Classification and distribution of marital property
¶ 5. In making an equitable distribution award following the dissolution of a marriage, a chancellor must first classify the property owned by the parties as marital or separate. Johnson v. Johnson, 823 So.2d 1156, 1160 (Miss.2002). Only assets in the marital estate are subject to equitable *1259 distribution. Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). Mr. Aron argues that any property acquired after the date of the couple's separationnot, as the chancellor held, after the later date of trialshould have been considered separate property.
¶ 6. We are referred to two decisions of the Mississippi Supreme Court to support that property acquired after separation should not be characterized as marital. Selman v. Selman, 722 So.2d 547 (Miss. 1998); Vaughn v. Vaughn, 798 So.2d 431 (Miss.2001). Property classified as marital usually will have been acquired after the date of the marriage and often but not always up until the final judgment of divorce. In Selman, the Court found that "while the marriage had not legally terminated, the relationship out of which equitable distribution arises had ended some months earlier." Selman, 722 So.2d at 553.
¶ 7. Mississippi does not recognize the concept of legal separation, but the entry of a separate maintenance order may be a line of demarcation for classifying property as marital or separate. Godwin v. Godwin, 758 So.2d 384 (Miss.1999). This Court has recognized that the entry of a temporary support order may cause the classification of property thereafter acquired as separate property. Pittman v. Pittman, 791 So.2d 857, 864 (Miss.Ct.App. 2001).
¶ 8. Here, no court order was entered that could be used as a possible end-date prior to the date of divorce. The chancellor has discretion in determining whether acquisitions made in a marriage's dying stages qualify as marital or separate property. The chancellor found that all real property purchased from the date of marriage was bought with the couple's commingled money, and therefore marital in character. We find no abuse of discretion.
¶ 9. Mr. Aron's reliance on Vaughn is misplaced. We find the case useful on the issue of valuation, and that we will address below.
¶ 10. Whether Mrs. Aron should have been awarded both parcels acquired during the marriage is a separate issue than their classification. Indeed, it might be considered unusual to award all real property that is marital in nature to either spouse, as opposed to making an equitable division of it. The reason for this decision is wrapped deeply within the next issue, namely, whether Mr. Aron had intentionally failed to provide sufficient evidence to permit a more thorough valuation and division of property. We are reversing and remanding for the reasons discussed in that analysis, and thus the question of the proper distribution can be reconsidered on remand.
2. Supreme Court-required factors
¶ 11. Mr. Aron alleges that the chancellor erred when he did not discuss the factors set forth in Ferguson. Chancellors are required to consider these and enter a record of their findings of fact and conclusions of law for appellate review. Owen v. Owen, 798 So.2d 394, 399 (Miss. 2001).
¶ 12. Here, the chancellor's application of the factors consisted of the following:
I look at the case of Ferguson v. Ferguson. I'm not satisfied with valuing these assets to go about following the provisions of the Ferguson case, but that doesn't mean I have to throw up my hands. I have to do the best that I can.
¶ 13. This conclusion raises two issues. One is whether the record is as sparse as *1260 the chancellor was recalling at the time of this statement. The other concerns the proper course if in fact a chancellor is confronted with intentional or inadvertent evidentiary failure so as to make the normal factual considerations impossible. Since we find that the record was not as lean as the chancellor concluded, we need not address the second point.
¶ 14. The usual requirement is for a chancellor to employ the Ferguson factors, which requires a determination of fair market value of the assets. Drumright v. Drumright, 812 So.2d 1021, 1025 (Miss.Ct. App.2001). The record, though not containing a thorough explanation of values, does contain evidence of value sufficient to support findings for at least seven of the eleven parcels held to compose the marital estate.
¶ 15. We therefore reverse and remand for further proceedings in which the chancellor should make findings of value of those properties comprising the marital estate, based either on the evidence currently in the record, or on such further evidence of value as the chancellor in his discretion may require the parties to submit. See Pucylowski v. Pucylowski, 741 So.2d 998, 1002 (Miss.Ct.App.1999). Then a distribution based on that information should be made.
¶ 16. We note that while the chancellor is not required to utilize all of the Ferguson factors in making a distribution award, the factors relevant to the case at hand must be addressed. Craft v. Craft, 825 So.2d 605, 614 (Miss.2002).
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF YALOBUSHA COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS ARE ASSESSED EQUALLY TO THE APPELLANT AND THE APPELLEE.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.